UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHARLES D. STERGIOS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 10-365-P-S |
| SHERIFF, CUMBERLAND COUNTY, | ) |
| et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
ORDER ON MOTION FOR APPOINTMENT OF COUNSEL AND FOR SERVICE, AND
RECOMMENDED DECISION FOR DISMISSAL PURSUANT TO 28 US.C. 1915(e)(2)/
§ 1915A, and 42 U.S.C. § 1997e(c)**

Charles Stergios has filed a complaint pursuant to 42 U.S.C. § 1983. Stergios's contention is that the Cumberland County Jail, where he is presently detained, is overcharging him for products available in its commissary. Specifically, Stergios complains that the Cumberland County Sheriff's department charges outrageous prices for stamped envelopes,[1] dried soup packets of Ramen Noodles, and Little Debbie Snack Packs. Under settled First Circuit law, French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980), this is a non-cognizable 42 U.S.C. § 1983 claim. See also Rodriguez v. Swanson Servs. Corp., Civ. No. 010117-P-C, 2001 WL 506871, 1 (D.Me. May 11, 2001).

With respect to Stergios's motion to proceed without prepayment of his filing fee, the pleading is unquestionably deficient. (See Doc. No. 2.) However, I provisionally grant this request with the proviso that, if the Court disagrees with my screening recommendation, Stergios should be required to submit the necessary documentation of his inability to pay. In this pleading

---

1    He claims that a stamped envelope costs him sixty-three cents at the facility whereas it would have only been fifty-three cents at the post office. There is no allegation that this expense is interfering with his access to court.

he also seeks a court order that service be made on his behalf by the United States Marshal. Obviously, due to my determination that his complaint has no merit under 42 U.S.C. § 1983, I deny that request. In another submission Stergios asks for the appointment of counsel (Doc. No. 3) and I deny that request. See Desrosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).

On two prior occasions in the District of Maine Stergios has had civil rights actions dismissed on grounds that qualify as strikes under 28 U.S.C. § 1915(g). See Stergios v. Ebbert, Civ. No. 09-480-P-S, 2009 WL 3837864, 1 (D.Me. Nov. 17, 2009); Stergios v. Collins, Civ. No. 09-410 –P-S, 2009 WL 2986746, 1 (D.Me. Sept. 16, 2009). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Should the Court accept my recommendation that this current complaint fails to state a claim upon which relief may be granted, this would be Stergios's third § 1915(g) strike in this district.

**Conclusion**

Based on the above, I now provisionally grant Stergios's request to proceed in forma pauperis and deny his requests for appointment of counsel and service. I further recommend that the court dismiss this complaint because it fails to state a 42 U.S.C. § 1983 claim. If the Court accepts that recommendation Stergios will be barred from proceeding without prepayment of the filing fee unless he is under imminent danger of serious physical injury.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 31, 2010